**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICKEY B. RYALS,**

          **Plaintiff,**

**-vs-**                                                       **Case No. 6:12-cv-702-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's applications for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning February 8, 2009 (R. 131-139). His claims were denied initially and upon reconsideration. Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") and on September 23, 2011, the ALJ issued a decision finding Plaintiff to be not disabled (R. 10-18). The Appeals Council denied Plaintiff's request for review (R. 1-6), making the September decision the final decision of the Commissioner. This Complaint timely followed (Doc. 1). The parties consented to the jurisdiction of the magistrate judge and the matter is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Nature of Claimed Disability

Plaintiff alleges disability due to a slipped disc, "deteriorating bones," asthma, and depression (R. 33-36, 162).

*Summary of Evidence before the ALJ*

Plaintiff was 48 years old at the time of the administrative decision with a tenth grade education and work experience as a truck driver (R. 30, 48, 131, 137).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairments of asthma, obesity, depression, personality disorder, degenerative disc disease, knee pain, chronic obstructive pulmonary disease, and history of alcohol dependence (R. 12), and the record supports this uncontested finding. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appx. 1 (R. 13-14), and found that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work, as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant: can occasionally climb stairs, stoop, kneel, and crouch; can never crawl or climb ladders/ropes/scaffolds; can frequently balance; must avoid concentrated exposure to workplace hazards including dangerous machinery and unprotected heights; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc.; and is limited to simple 1-2 step tasks and superficial contact with the public.

(R. 14).

The ALJ determined that Plaintiff could not return to his past relevant work, but relying on the testimony of a Vocational Expert ("the VE") and the Medical-Vocational Guidelines ("the grids"), 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 201.19, the ALJ determined that Plaintiff could perform other jobs existing in significant numbers in the economy and was, therefore, not disabled (R. 17-18).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three issues on review, challenging: 1) the formulation of the RFC, 2) the composition of the hypothetical question presented to the VE, and 3) the credibility finding. The Court addresses these issues in the context of the sequential evaluation applied by the ALJ.

*The five step sequence*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step 4, while at step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*The formulation of the RFC*

Plaintiff contends that the RFC formulation is flawed in that certain evidence was "ignored," and noting "the main issue with the determination of the residual functional capacity in this case is the ALJ's treatment of the examining, consultative physician's, Dr. Alex Perdomo, opinion." (Brief, p. 11). Plaintiff contends that the ALJ made a factual error in interpreting the findings of Dr. Perdomo and also failed to indicate the weight he assigned to the opinion.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social*

*Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Applied here, the record shows that Plaintiff presented to Dr. Alex Perdomo on June 17, 2009, for a consultative examination (R. 386-87). As summarized by the ALJ:

> At the consultative evaluation, Dr. Alex Perdomo found that sensory, motor, reflex, and mental status exams, were all normal. He also found no neurological deficits, and a PFT revealed normal ventilator function. The claimant was obese (299 pounds) and had some reduced range of motion as well as wheezing (3F). Dr. Perdomo concluded the claimant could stand and walk 3-4 hours and lift 15-20 pounds (3F).

(R. 16).

Plaintiff argues that the ALJ erred in his summary of Dr. Perdomo's opinion in that Dr. Perdomo did not conclude that Plaintiff could stand and walk 3-4 hours, but stated that Plaintiff "can stand, walk, and sit for 3 to 4 hours in an eight-hour workday with normal breaks, although he should be allowed to use a cane for ambulation if required to walk long distances over 100 feet" (R. 387). Plaintiff argues that this finding is "clearly different" in that "Dr. Perdomo clearly indicated that Mr. Ryals could only stand, walk and sit for three to four hours out of an eight hour workday" and this "should be read by meaning that Mr. Ryals could only do all three of these activities for a total of three to four hours out of an eight-hour workday." (Brief, pp. 11-12).

Dr. Perdomo stated that Plaintiff could "stand, walk, **and** sit," not "stand, walk, **or** sit," thus indicating that Plaintiff could perform each of these tasks for three to four hours "in an eight-hour workday with normal breaks" (R. 387). If Plaintiff's work capacity totaled only three to four hours regardless of activity, the reference to the eight hour workday with normal breaks would be superfluous. More importantly, however, even if Dr. Perdomo did, in fact, opine that Plaintiff was so limited, there is no showing that the failure to fully credit that part of his opinion was error. Dr. Perdomo was not a treating source, so his opinion is not presumptively entitled to controlling weight. *See McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987) (noting that certain opinions "are not

entitled to deference because as one-time examiners they were not treating physicians."). While the ALJ was required to consider and evaluate the opinion, the record shows that he did so, giving credit to the examination findings.[1] To the extent Plaintiff's interpretation of Dr. Perdomo's opinion is inconsistent with the RFC, there is error only if the RFC is not otherwise supported by substantial evidence. As summarized in the ALJ's decision, here, the RFC is adequately supported by the examination findings of Dr. Perdomo, the treating records and objective testing, and other opinions from treating and non-treating sources.[2] As it is not the task of the Court to reweigh the evidence or to opine if the evidence could support an alternative result, the finding should not be disturbed.

Plaintiff next contends that the ALJ erred in "making no mention" of other evidence which Plaintiff claims supports his allegations of left leg weakness and dependency on a cane. The ALJ set forth Plaintiff's testimony in detail, including his allegations of left leg pain and weakness and use of a cane (R. 15) and discussed the medical records Plaintiff cites in his brief. Contrary to Plaintiff's assertions, the ALJ specifically noted the MRI showing congenital spinal stenosis and a possible cyst (R. 15); the records from Central Florida Health which "reveal treatment for general medical conditions as well as back pain and reported left leg weakness" (R. 15); and the evaluations "by specialists for his complaints of back pain and left leg weakness" (R. 15); including the finding by the orthopedic surgeon that there was "no evidence of a disc herniation causing any stenosis, that would explain his left leg pain" (R. 15, 514). The ALJ concluded that "[c]linical finding[s] showed no motor or sensory deficits to explain the claimant's reportedly ongoing back and leg pain or use of a

---

[1] Although Plaintiff claims that the ALJ "did not even indicate the weight he assigned to the opinion" (Brief, p. 13), the record shows that the ALJ discussed this opinion in a paragraph devoted to the opinions of state agency consultants; and concluded: "I have considered all of these opinions and grant them significant weight as they are all fairly consistent and justified by the objective findings in the record." (R. 16).

[2] The medical evidence included treatment records from Baptist Memorial Hospital (R. 225-359); North Mississippi State Hospital (R. 360-378); Central Florida Family Health Center (R. 444-448, 493-513); Dr. Michael J. Broom (R. 489-492); Dr. Hunaldo J. Villalobos (R. 514-531); records from the Physical Medicine Pain Center (R. 532-535); and a medical report by Dr. James K. Shea, which the ALJ discounted (R. 12-16, 536-539). The ALJ also evaluated the opinions of state agency medical consultants who reviewed the medical evidence of record (R. 16).

cane." (R. 15, citing R. 489-492, treatment notes of orthopedic surgeon Dr. Broom). While an ALJ need not list every piece of evidence as long as the determination reflects that the entire record was adequately considered, here, the evidence relied upon by Plaintiff was explicitly noted and adequately considered by the ALJ. As the resulting RFC determination is based on substantial evidence, there is no error shown.

*Vocational Expert*

Plaintiff next contends that the hypothetical presented to the Vocational Expert is flawed in that it did not include the interpretation of Dr. Perdomo's opinion favored by Plaintiff. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004). Here, as shown above, the ALJ did not credit the interpretation of the three to four hour limitation urged by Plaintiff, and that conclusion is supported by adequate evidence. As such, it was not required to be included in the hypothetical.

*Credibility*

Plaintiff's last objection goes to the ALJ's evaluation of his credibility. When a claimant attempts to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her

alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); *Mack v. Commissioner of Social Security,* 420 Fed.Appx. 881, 883 (11th Cir. 2011). After considering a claimant's subjective complaints, the ALJ may reject them as not credible. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Plaintiff argues that his testimony regarding his impairments is credible as "it is apparent that [he] suffered from chronic, significant limitations resulting from his medical conditions" and his claims are "substantiated by his many doctors' visits, use of medications and diagnostic tests such as an MRI" (Brief, p. 17). As the Eleventh Circuit has noted, however: "The question is not . . . whether ALJ could have reasonably credited [claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Commissioner of Soc. Sec.*, 421 Fed. Appx. 935, 939 (11th Cir. 2011). Here, the ALJ summarized the medical evidence, noting: normal sensory, motor, reflex, and mental status exams (R. 16); the absence of neurological deficits (R. 16); normal X-ray of the knee; normal brain MRI; two MRI's which "did not reveal any nerve root compression" (R. 15); the specialist's notation of an absence of evidence of a disc herniation (R. 15); as well as treatment notes relating to a 2009 hospitalization for purported depression which found Plaintiff to be "malingering," and displaying drug seeking behavior (R. 13). The ALJ then explained:

> The claimant has not provided convincing details regarding factors that precipitate the allegedly disabling symptoms, claiming that the symptoms are present constantly or all of the time- even such that he must use assistive devices. However, the objective

-8-

> medical record fails to reveal any condition that would explain the level of severity of symptoms alleged. I find the claimant's subjective complaints and alleged limitations are significantly out of proportion to limitations that are reasonably related to the medically determinable impairments. In sum, I find the claimant is not totally disabled from working, and that the above RFC is sufficiently supported by the evidence.

(R. 16).

The Court finds the ALJ evaluation of Plaintiff's credibility to be adequately articulated and amply supported by the cited record evidence.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. Therefore, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 11, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record